FILED '09 DEC 15 11:38 USDC-ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

EMMANUEL R. BEAULIEU,   09-6225-TC

Plaintiff,

v.   FINDINGS and RECOMMENDATION

UNITED STATES OF AMERICA, et al.,

Defendant.

COFFIN, Magistrate Judge:

Plaintiff seeks mandamus relief in the form of this court "ordering [the United States]...to abate the liens and levies against Plaintiff and Plaintiff's Due Process be Upheld." (Doc. 1, p. 3.) Under Fed. R. Civ. P. 12(b)(1), the United States moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. For the reasons outlined below, I recommend that this court dismiss Plaintiff's action.

## Background

As of October 2, 2009, Plaintiff owed tax liabilities of $593,376.33 for the tax years 2000 through 2006. Plaintiff seeks to abate the process of lien and levying his property. In other words,

Page 1 - FINDINGS and RECOMMENDATION

Plaintiff asks this Court to enjoin the United States from collection of the taxes.

## Standard for a 12(b)(1) Motion to Dismiss

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. In other words, the movant asserts that the court has no authority to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations. T.B. Harms Co. v. Eliscu, 226 F.Supp.337, 338 (S.D.N.Y. 1964) aff'd 339 F.2d 823 (2nd Cir. 1964). The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir.2000).

## Discussion

To establish subject matter jurisdiction in an action against the United States, there must be (1) "statutory authority vesting a district court with subject matter jurisdiction;" and (2) "a waiver of sovereign immunity." Alvarado v. Table Mountain Rancheria, 509 F.3d 1008, 1016 (9th Cir. 2007). Even when statutory authority vests the federal courts with subject matter jurisdiction, the United States cannot be sued unless it has expressly consented to such. Dunn & Black P.S. v. United States, 492 F.3d 1084, 1087-88 (9th Cir. 2007). A waiver of sovereign immunity must be express, and the burden is on the party bringing the action against the United States to establish both elements of subject matter jurisdiction. Id. at 1088. Failure to meet this burden must result in dismissal of the case. Id.

Here, Plaintiff's complaint is styled as a Mandamus under 28 U.S.C. § 1361. While § 1361 gives the district court jurisdiction over mandamus actions, it does not constitute a waiver of sovereign immunity. Smith v. Grimm, 534 F.3d 1346, 1352 n. 9 (9th Cir. 1976). Furthermore, the

Page 2 - FINDINGS and RECOMMENDATION

Anti-Injunction Act, subject to certain exceptions, prohibits any action seeking to enjoin collection of taxes. 26 U.S.C. § 7421. The only exception to the Anti-Injunction Act requires a taxpayer to establish that the Government's claim is "baseless" and that there is "no adequate remedy at law." Church of Scientology of Cal. v. United States, 920 F.2d 1481, 1486 (9th Cir. 1990).

I have carefully considered all the briefing in this matter, including Plaintiff's assertion that he seeks an order that the IRS be required to provide him with "an official assessment record." (Doc. 5, p. 3.) However, it is clear from a reading of Plaintiff's complaint that he seeks to "abate the process of lien and levying the property of plaintiff" and "to abate the liens and levies against Plaintiff." (Doc. 1, p. 3.) Because the relief plaintiff seeks–to enjoin collection of taxes, it is barred by the Anti-Injunction statute and because Plaintiff cannot establish that he is entitled to the exception to the statute, his complaint must be dismissed. Further, I find that Plaintiff has not established any waiver of sovereign immunity by the United States, and, absent a clear waiver of sovereign immunity, this action must be dismissed.

## Conclusion

I recommend that Defendant's Motion to Dismiss (doc. 3) be granted and that Plaintiff's complaint be dismissed with prejudice.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the

Page 3 - FINDINGS and RECOMMENDATION

objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 15th day of December 2009.

> /s/ Thomas M. Coffin
> THOMAS M. COFFIN
> United States Magistrate Judge

Page 4 - FINDINGS and RECOMMENDATION